AO 10
Rev. 1/2008

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2007

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| | | |
|---|---|---|
| **1. Person Reporting** (last name, first, middle initial)<br><br>BARKER, SARAH E | **2. Court or Organization**<br><br>US District Court, SC, IND | **3. Date of Report**<br><br>04/28/2008 |
| **4. Title** (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>ACTIVE ARTICLE III | **5a. Report Type** (check appropriate type)<br><br>☐ Nomination, Date<br>☐ Initial ☑ Annual ☐ Final<br><br>**5b.** ☐ Amended Report | **6. Reporting Period**<br><br>01/01/2007<br>to<br>12/31/2007 |
| **7. Chambers or Office Address**<br><br>46 EAST OHIO STREET, ROOM 210<br>INDIANAPOLIS, IN 46204 | **8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.**<br><br>Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Vice President and President-Elect 2006-2007, President 2007-2008 | Federal Judges Association |
| 2. | Director 2007-2008 | Clarian Health Partners, Inc. (non-profit) |
| 3. | Director 2007-2008 | Indiana Historical Society |
| 4. | Director 2007-2008 | Advanced Science and Technology Adjudication Resource Center, Inc. (ASTAR) board (formerly EINSHAC) |
| 5. | Director/Member of the Corporation, 2007-2008 | Methodist Health Group Inc. (non-profit) |
| 6. | Director, 2007 | Conner Prairie Living Museum Foundation |
| 7. | Board of Advisors 2007-2008 | Spirit and Place, Community Fesitval |
| 8. | Project Adviser, 2007-2008 | American Law Institute |
| 9. | | |
| 10. | | |
| 11. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|

1. _____   _____

2. _____   _____

3. _____   _____

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 04/28/2008 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

[✓] NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[✓] NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

[ ] NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Federal Judges Association | 2/16/2007 | New York City, New York | Jud. Compensation Mtg. | Transportation |
| 2. | University of Texas Law School at Austin | 4/4-7/2007 | Austin, Texas | Law clerk workshp | Transportation, meals, lodging |
| 3. | Federal Judges Association | 5/4-7/2007 | Arlington/PentagonCity VA | Exec. and board meetings | Transportation, meals, lodging |
| 4. | Garrett-Evangelical Theological Seminary | 5/11/2007 | Evanston, Illinois | Commencement address | Transportation, meals |
| 5. | Federal Magistrate Judges Association | 7/23-24/2007 | Baltimore, Maryland | Fed. Mag. Judges Workshop | Transportation, meals, lodging |

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 04/28/2008 |

| 6. | National Conference of Bankruptcy Judges | 10/10-13/2007 | Orlando, Florida | Annual meeting | Transportation, meals, lodging |
|---|---|---|---|---|---|

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 04/28/2008 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Indiana Historical Society | "Living Legends" annual reception and dinner to honor outstanding Hoosiers | $ 150 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | NONE. | | |
| 2. | SEE "ADDITIONAL INFORMATION FOR EXPLANATIONS" | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 04/28/2008 |

## VII. INVESTMENTS and TRUSTS — _income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)_

[ ] NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. 1. Bose McKinney & Evans Retirement Plan, Common Trust Fund | D | Dividend | M | T | | | | | See explanatory note |
| 2. 1.a. Kirr Marbach Equity Fund | | None | K | T | | | | | |
| 3. 1.b. Private Capital Management Equity Fund | A | Dividend | K | T | | | | | |
| 4. 1.c. Vanguard Wellington Balanced Fund (VWENX) | B | Dividend | K | T | | | | | |
| 5. 1.d. Vanguard Intermediate Term Bond Index Fund (VBILX) | A | Dividend | J | T | | | | | |
| 6. 1.e. Vanguard Reit Index Fund (VGSLX) | | None | K | T | | | | | |
| 7. 1.f. Vanguard International Value Fund (VTRIX) | D | Dividend | L | T | | | | | |
| 8. 2. Indianapolis Post Office Credit Union, Account | B | Interest | K | T | | | | | |
| 9. 3. JP Morgan Chase Bank | A | Interest | K | T | | | | | |
| 10. 4. EuroPacific Growth Fund, Los Angeles, CA, IRA | A | Dividend | K | T | | | | | |
| 11. (Mutual Fund) | | | | | | | | | |
| 12. 5. BlackRock Global Allocation Fund, Inc., IRA (Mutual Fund) | B | Dividend | L | T | | | | | |
| 13. 6. Merrill Lynch Retirement Reserves (IRA Money Accounts) | A | Interest | J | T | | | | | See Explanatory Note |
| 14. 7. JP Morgan Chase Bank | | None | | | Relinquished | 10/24 | J | | See Explanatory Note |
| 15. 8. JP Morgan Chase Bank | A | Interest | | | Relinquished | 10/24 | J | | See Explanatory Note |
| 16. 9. CISCO Systems, Inc. Common Stock | | None | J | T | | | | | |
| 17. 10. JP Morgan Chase Bank | C | Interest | L | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 04/28/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18.   11. Hartford Whole Life | | None | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Section VI: ██████████████ has graduate educational loans which are occasionally listed, wrongfully, on ██████ credit report. However, ██ ██ only is signed on such loans, and neither the reporting person nor ██████ is involved in such loans in any legal capacity.

Section VII (1): The interest in the "Bose McKinney & Evans Retirement Plan" is an interest of ██████ in a tax-deferred common trust fund for retirement purposes, which is maintained by ██████ former employer. The overall Retirement Plan is itself governed by trustees who are elected from within the partnership of the Bose McKinney & Evans firm. ██████ is not eligible to vote for such trustees and has no voice in nominating or otherwise selecting them. The plan trustees have approved as many as ten collective and commingled investment options, and at appointed times resources may be reallocated within and among such options. All Funds listed under such retirement Plan in this Financial Disclosure Report consist of such designated collective investment options. Furthermore, all Funds so listed are managed by independent professional managers who engage in various and/or numerous transactions within their respective funds. In the course of overseeing assets in such various commingled funds, the Plan trustees have delegated to the professional fund managers all authority with regard to purchases, sales, exchanges, or other dispositions of assets within each fund. ██████ accordingly has no more control over individual assets than would be had as an investor in any publically-traded mutual fund. ██████ interest in the Plan as a whole represents less than one percent of the Plan's assets, and ██████ is making no contribution to the Plan outside the reinvestment sources generated from within the above-listed funds themselves.

Section VII (6): "Merrill Lynch Retirement Reserves" is an aggregated and occasionally reportable, temporary accumulation of IRA cash held as reserves and/or swept into deposit accounts in Merrill Lynch banks. This is in essence a cash flow phenomenon which occurs to varying degrees within IRA accounts prior to dividends, etc., being automatically reinvested in the underlying holdings, which themselves produced the dividends. Such underlying holdings are disclosed fully elsewhere in Section VII.

Section VII (7): Removal of ██████ from emancipated ████ account

Section VII (8): Similarly, a removal of ██████ from association with emancipated ████ account

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature_________

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544